UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN FOSTER-BEY,

    Plaintiff,

v.                                            Case No. 3:16cv629-LC-CJK

RON HILL, et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's "Ex Parte Motion to Treat as a Class Action" (docs. 3, 9) and Motion for Preliminary Injunction (docs 4, 10). After reviewing the motions, the undersigned recommends that both motions be denied.

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a former inmate of the Florida Department of Corrections ("FDOC"). At the time he initiated this action, he was confined at Walton Correctional Institution ("Walton CI"); he has subsequently been released from prison.[1] In the complaint (doc. 13), plaintiff alleges employees of Walton CI violated his constitutional rights by preventing him from practicing his religion as a member of the Moorish Science Temple of America

---

[1] *See* Florida Department of Corrections, Corrections Offender Network, Offender Information Search, http://www.dc.state.fl.us/OffenderSearch/Search.aspx

("MSTA"). He claims prison staff: (1) prevented MSTA members from adhering to the tenets of their religion; and (2) treated the MSTA differently from other religions.

The "Ex Parte Motion to Treat as a Class Action" (docs. 3, 9) should be denied because plaintiff is proceeding *pro se*. A *pro se* litigant cannot adequately represent the interests of other individuals in a class action. *See Bass v. Benton*, 408 F. App'x 298, 298-99 (11th Cir. 2011) (The Eleventh Circuit has "interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing 'a personal right that does not extend to the representation of the interests of others.'") (*quoting Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation.").[2]

Likewise, plaintiff's Motion for Preliminary Injunction (docs 4, 10) should be denied because plaintiff is no longer incarcerated at Walton CI. Plaintiff's release from FDOC custody moots any claim for injunctive relief. *See, e.g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding inmate's claims for declaratory and injunctive relief regarding treatment at a facility at which inmate was no longer incarcerated were moot); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (holding inmate's release from prison mooted claim for declaratory

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and injunctive relief against head of prison); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (holding transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's "Ex Parte Motion to Treat as a Class Action" (docs. 3, 9) be DENIED.

2. That plaintiff's Motion for Preliminary Injunction (docs 4, 10) be DENIED.

At Pensacola, Florida, this 22nd day of August, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.